IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEENAN G. WILKINS, | ) | No. C 10-2818 LHK (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| GARY PICETTI, Judge, Superior Court Alameda County, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a pretrial detainee currently housed at the Glenn Dyer Detention Facility in Oakland, California, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court dismisses the complaint without prejudice.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

Order of Dismissal
P:\PRO-SE\SJ.LHK\CR.10\Wilkins818dis.wpd

1 *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2  To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff's complaint is difficult to understand.  He names as defendants several superior court judges, assistant public defenders, police officers, and mental health professionals. Notwithstanding that in a federal civil rights complaint, several of these named defendants would be dismissed based on principles of immunity, it appears that Plaintiff is challenging the judicial process in which he was involuntarily committed to a state mental hospital.  In his complaint, he claims, among other things, that the court held a competency hearing in his absence, allowed counsel to waive Plaintiff's presence, and prohibited Plaintiff from testifying or presenting evidence of competency.  Plaintiff goes on to allege that he remained in a mental facility for a longer period of time than ordered by the court.

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)).  Here, Plaintiff's claims are more appropriately filed in a petition for writ of habeas corpus.[1]

This Court may entertain a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) by a person who is in custody but not yet convicted or sentenced. *See McNeely v. Blanas*, 336 F.3d 822, 824 n. 1 (9th Cir. 2003).  Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that

---

[1] To the extent any of Plaintiff's claims can be construed to be civil rights claims, because Plaintiff concedes that he has not attempted to exhaust his administrative remedies, the Court dismisses them for failure to exhaust. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

Order of Dismissal
P:\PRO-SE\SJ.LHK\CR.10\Wilkins818dis.wpd    2

this Court abstain until all state criminal proceedings are completed, and the Plaintiff exhausts available judicial state remedies, unless special circumstances warranting federal intervention prior to a state criminal trial can be found.  *See Carden v. Montana*, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980); *see also Younger v. Harris*, 401 U.S. 37, 43-54 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances). The special circumstances that might warrant federal habeas intervention before trial include proven harassment, bad faith prosecutions and other extraordinary circumstances where irreparable injury can be shown.  *Carden*, 626 F.2d at 84 (violation of speedy trial right not alone an extraordinary circumstance).  Because Plaintiff has not shown special circumstances that warrant federal intervention before the trial is held and any appeal is completed, this Court will not construe his civil rights complaint as a habeas petition, but will abstain and dismiss this action without prejudice.  *See id.* at 84. The allegations that Plaintiff raises in his complaint are matters that can and should be addressed in the first instance by the trial court, and then by the state appellate courts, before he seeks a federal writ of habeas corpus.

## CONCLUSION

Plaintiff's complaint is DISMISSED without prejudice to Plaintiff filing a habeas petition, but he should not file a new federal petition for writ of habeas corpus unless he gets convicted or committed and then not until his direct appeal and state habeas proceedings have concluded and he has given the state's highest court a fair opportunity to rule on each of his claims.

IT IS SO ORDERED.

DATED:   10/28/10                                          *Lucy H. Koh*
                                              LUCY H. KOH
                                              United States District Judge