IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GARY PICETTI, Judge, Superior Court ) <br> Alameda County, et al., ) <br> ) <br> Defendants. ) | No. C 10-2818 LHK (PR) <br><br> ORDER GRANTING MOTION FOR RECONSIDERATION; RE-OPENING CASE; ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Plaintiff, a pretrial detainee currently housed at the Glenn Dyer Detention Facility in Oakland, California, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On October 28, 2010, the Court dismissed this action without prejudice to Plaintiff's re-filing it as a habeas case. Plaintiff's filed a motion for reconsideration. For the reasons stated below, the Court GRANTS Plaintiff's motion for reconsideration, re-opens the case, and dismisses the complaint with leave to amend.

**DISCUSSION**

A.   <u>Motion for Reconsideration</u>

In the Court's order dismissing Plaintiff's complaint, it noted that, even liberally construing Plaintiff's claims, they were difficult to understand. It appeared that Plaintiff was challenging his underlying criminal proceedings and, thus, his claims were more properly addressed in a habeas petition. In Plaintiff's motion for reconsideration, he asserts that he is not

seeking release from detention; rather he is seeking damages, declaratory and injunctive relief. He also clarifies his allegation that he was wrongfully committed to a mental hospital. Based on Plaintiff's motion, which clarified his original claims, the Court GRANTS his motion for reconsideration and RE-OPENS the case.

B.      Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.      Legal Claims

Criminal proceedings are pending against Plaintiff in Alameda County Superior Court. According to the complaint, on March 26, 2007, Judge Michael Gaffey began competency proceedings without the presence of Plaintiff. On June 1, 2007, Judge Gaffey denied Plaintiff's request for substitution of counsel and set a competency hearing for July 17, 2007. Judge Gaffey found Plaintiff incompetent to stand trial. On July 27, 2007, Judge Gaffey ordered Plaintiff committed to a state mental hospital. Plaintiff alleges that there was a conspiracy to keep him detained.

Judge Gaffey ordered that a report be written within ninety days concerning Plaintiff's progress toward competency, and directed the Alameda County Sheriff's Office deliver Plaintiff to Napa State Hospital. However, Plaintiff remained at the county jail until November 7, 2007. Further, Plaintiff states that no report was submitted to the Court until March 2008, eight months

after his commitment order. Moreover, Plaintiff complains that he was not taken to Napa State Hospital, but to Atascadero State Hospital. Plaintiff alleges that on February 4, 2009, Judge Gaffey stated the delay was because the state hospital would not admit Plaintiff until the Court issued an order permitting it to involuntarily medicate Plaintiff. However, the Court refused to sign such an order, and even though the Alameda Sheriff's Office had an order to transport Plaintiff to Napa State Hospital on August 16, 2007, Plaintiff was not transported. Plaintiff alleges that the Department of Mental Health, its Director, its staff, Alameda County Sheriff's Office, and Alameda County conspired to deprive Plaintiff of his constitutional rights.

Finally, Plaintiff alleges that he was denied his state and federal right to counsel. In addition, Plaintiff claims that the Public Defenders' Office has a policy of abandoning criminal defenses and investigations during competency proceedings, and to abandon defendants, in violation of his right to due process.

In sum, Plaintiff alleges that: (1) superior court judges and his public defender conspired to keep him detained and violated his rights to due process and equal protection; (2) the Department of Mental Health, its Director, its staff, Alameda County Sheriff's Office, and Alameda County deprived Plaintiff of his constitutional rights and conspired to do so; (3) he was denied his right to counsel; and (4) the Public Defender's Office violated his right to due process because it has an unconstitutional policy of abandoning defendants, defenses, and investigations during competency proceedings.

The complaint in this action has several problems.

As an initial matter, Defendants Judge Gary Picetti and Judge Michael Gaffey have absolute judicial immunity for the acts alleged in the complaint, as the allegations concern decisions they made in presiding over the case, and those are acts performed in their judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). They are dismissed from this action.

Second, the complaint has several claims that are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same

transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Plaintiff's claims fall into two categories, and, liberally construed, Claim 2 is separate and distinct from Claims 1, 3, and 4. Claim 2 concerns Plaintiff's complaint that he was detained at the jail too long before being transferred to Atascadero State Hospital. From there, he was held over the time as ordered by the trial court. Plaintiff sues all parties involved in failing to transport him, failing to test and evaluate him in a timely manner, and failing to return him to the jail. On the other hand, Claims 1, 3, and 4 concern the trial proceedings. Plaintiff sues the judges, his defense counsel, and the Public Defenders' Office. Rather than the Court guessing which claims are most important to Plaintiff, and selecting those as the reference point for applying Rule 20(a), Plaintiff will be permitted to choose which category is most important to him and which claim(s) within the category he thinks is most important to him. It may be that even the claims within a category are not properly joined, but there is insufficient information in the complaint for the Court to make that determination at this time. The better course is for Plaintiff to pick one of the two categories, and file an amended complaint that includes only the claim(s) within that category and to allege his most important claim first. As to the claims within the chosen category, he must only include the claims that are properly joined, i.e., that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants. *See* Fed. R. Civ. P. 20. Dismissal of the other claims that are not properly joined does not mean that they are lost forever, but only that they cannot be pursued in this action. Plaintiff is free to file a new action in which he asserts those claims. Plaintiff must choose what claims he wants to pursue that meet the joinder requirements. If he asserts improperly joined claims in his amended complaint, they will be dismissed. However, Plaintiff should also heed the following deficiencies, which may affect his decision as to which claim(s) he wishes to pursue in this action.

      If Plaintiff decides to proceed with Claims 1, 3, and 4, the requests for injunctive and declaratory relief would likely be dismissed because of the pendency of the state criminal case. Under principles of comity and federalism, a federal court should not interfere with ongoing

state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). The rationale of *Younger* also applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *See Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that would justify federal court intervention). Nothing in the complaint suggests there are extraordinary circumstances requiring this Court's interference in state court criminal proceedings.

      The claims for damages in Claims 1, 3, and 4, cannot go forward at this time because they would implicate the validity of the criminal proceedings now pending. The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction unless that conviction already has been determined to be wrongful. *See id.* at 486-87. A conviction may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* However, *Heck* does not encompass the principle that "an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside." *Wallace v. Kato*, 549 U.S. 384, 393 (2007). Nonetheless, the claim should not go forward if the plaintiff's criminal proceedings are still pending; rather, the court can "stay the civil action until the criminal case or the likelihood of a criminal case is ended." *See id.* Here, Claims 1, 3, and 4 relate to rulings that have been or likely will be made in Plaintiff's pending criminal case. These claims should not go forward because Plaintiff's criminal proceedings are still pending; rather, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is

ended." *See id.* Accordingly, the Court will not entertain these claims until Plaintiff's criminal proceedings have concluded.

In addition, in Claim 2, Plaintiff alleges a conspiracy among the Department of Mental Health, Director Mayberg, Dave Graziani, the Director of Napa State Hospital, Jon DeMorales, the Director of Atascadero State Hospital, Dr. Robert Knapp, Dr. Todd Elwyn, Dr. Michaela Heinze, the Alameda County Sheriff's Office, and Alameda County. However, in order to allege a conspiracy under § 1983, a plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (citing *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* at 441. This agreement or meeting of the minds may be inferred on the basis of circumstantial evidence, such as the actions of the defendants. *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999). Plaintiff's complaint merely states, in a conclusory fashion, that Defendants conspired to deprive him of his constitutional rights. Further, Plaintiff has not provided the Court with the information necessary to determine whether a cognizable claim for relief has been stated against any specifically named Defendant. A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). However, district courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

In this case, Plaintiff's complaint fails to provide a short and plain statement regarding each claim, including the conduct of each individual defendant that he asserts is responsible for a constitutional violation. Plaintiff must specifically identify what each named defendant did or did not do in order to state a claim with regard to each separate claim. Plaintiff must also state a sufficient connection between each defendant and the alleged violation. For example, several Defendants, including Dr. Robert Knapp, are merely named in the list of Defendants, but not

mentioned in the body of the complaint.

Plaintiff should bear in mind that liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if he can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See id.* at 633. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). A defendant cannot be held liable simply based on his membership in a group; rather, each individual defendant's participation in unlawful conduct must be shown. *Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir. 1996).

In addition, to impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Finally, a supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff's inclusion of these supervisory defendants on the apparent basis that they are liable under a respondeat superior theory is insufficient. *See id.*

Thus, Plaintiff must first decide which category of claims he wishes to pursue in this action. Then, depending on which category of claims he chooses, Plaintiff must file an amended

1  complaint addressing the above-mentioned deficiencies.  Without this information, the complaint
2  cannot proceed.  The complaint need not be long.  In fact, a brief and clear statement with regard
3  to each claim listing each Defendant's actions regarding that claim is preferable.  Accordingly,
4  the complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff will be provided with
5  thirty days in which to amend.

## CONCLUSION

1.  Judge Picetti and Judge Gaffey are DISMISSED.

2.  Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order (C 10-2818 LHK (PR)) and the words AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the prior complaint by reference.  **Failure to file an amended complaint within thirty days and in accordance with this order will result in dismissal of this action.**  The Clerk of the Court shall send Plaintiff a blank civil rights form along with his copy of this Order.

3.  Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4.  It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 1/11/11

*Lucy H. Koh*
LUCY H. KOH
United States District Judge