IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS,               ) | No. C 10-2818 LHK (PR) |
|                                           ) | |
|          Plaintiff,                     ) | ORDER OF DISMISSAL |
|                                           ) | WITH LEAVE TO AMEND |
|     v.                                   ) | |
|                                           ) | |
| GARY PICETTI, Judge, Superior Court ) | |
| Alameda County, et al.,            ) | |
|                                           ) | |
|          Defendants.                ) | |

Plaintiff, currently housed at San Quentin State Prison and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On January 11, 2011, the court dismissed this action with leave to amend, advising plaintiff that there were several deficiencies with his complaint that required plaintiff to file an amended complaint. On March 17, 2011, plaintiff filed an amended complaint. On April 25, 2011, the court stayed the action pursuant to *Wallace v. Kato*, 549 U.S. 384, 393 (2007). On August 7, 2013, the court granted plaintiff's motion to lift the stay and re-opened the action.[1] For the reasons stated below, plaintiff's amended complaint is DISMISSED WITH LEAVE TO AMEND.

---

[1] Plaintiff has also filed a motion for disqualification of the undersigned and a motion for reconsideration of the court's order denying plaintiff's motion for appointment of counsel. Plaintiff has already filed similar motions in July 2013, and the court has previously addressed them. Thus, both motions are DENIED for the reasons already stated in the court's August 7, 2013, order.

Order of Dismissal with Leave to Amend
G:\PRO-SE\LHK\CR.10\Wilkins818dwla.wpd

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff is seeking injunctive and declaratory relief, as well as damages. He alleges that he was falsely imprisoned when he was arrested on March 6, 2007, and was restrained until March 12, 2007. Plaintiff asserts that he was not taken before a judge for six days and not allowed to leave custody. He claims that he was held for an unreasonable amount of time, from March 23, 2007, through June 4, 2008, while awaiting a competency determination. Plaintiff also claims that he was wrongfully committed to a hospital without due process. Specifically, plaintiff states that he was found to be incompetent on June 27, 2007, and ordered committed on July 27, 2007. Plaintiff further alleges that he was denied equal protection, denied the right to effective assistance of counsel, and that defendants engaged in conspiracy.

The amended complaint has several deficiencies that must be addressed before this action can proceed. As an initial matter, the court has already dismissed with prejudice defendants Judge Gary Picetti and Judge Michael Gaffey because they have absolute judicial immunity for the acts alleged in the amended complaint, as the allegations concern decisions they made in presiding over the case, and those are acts performed in their judicial capacity. *See Pierson v.*

*Ray*, 386 U.S. 547, 553-55 (1967). Judges Picetti and Gaffey are not properly named in this action.

Second, plaintiff's amended complaint fails to provide a short and plain statement regarding each claim, including the conduct of each individual defendant that he asserts is responsible for a constitutional violation. Plaintiff must specifically identify what each named defendant did or did not do in order to state a claim with regard to each separate claim. Plaintiff must also state a sufficient connection between each defendant and the alleged violation. For example, several defendants, including Dr. Steven W. Mayberg, are merely named in the list of defendants, but not mentioned anywhere in the body of the complaint. A complaint that fails to state the specific acts of each defendant who violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

Plaintiff should bear in mind that liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See id.* at 633. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). A defendant cannot be held liable simply based on his membership in a group; rather, each individual defendant's participation in unlawful conduct must be shown. *Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir. 1996).

Third, plaintiff's claims of equal protection and conspiracy are conclusory. To allege equal protection, plaintiff must state that he was treated differently than others who were similarly situated. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). In order to allege a conspiracy under § 1983, a plaintiff must show "an agreement or 'meeting of

the minds' to violate constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (citing *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc)). This agreement or meeting of the minds may be inferred on the basis of circumstantial evidence, such as the actions of the defendants. *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999). Plaintiff's amended complaint does not provide any facts to support these allegations. Accordingly, plaintiff's equal protection and conspiracy claims are DISMISSED with leave to amend.

Finally, plaintiff's claim of ineffective assistance of counsel is not proper in a federal civil rights action because it impliedly calls into question his conviction. The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. *See id.* at 486-87. The *Heck* rule also prevents a person from bringing an action that – even if it does not directly challenge the conviction or other decision – would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action for damages; the conviction must have been successfully attacked before the civil rights action for damages is filed. The *Heck* rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to an action that sought declaratory relief as well as damages. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). If success in the § 1983 action would "necessarily demonstrate the invalidity of confinement or its duration," the § 1983 action is barred no matter the relief sought (i.e., damages or equitable relief) as long as the conviction has not been set aside. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Thus, this claim is DISMISSED with leave to amend if plaintiff has successfully overturned the conviction in which he alleges he received ineffective assistance of counsel.

Plaintiff must file a second amended complaint addressing the above-mentioned deficiencies. Without this information, this action cannot proceed. The second complaint need not be long. In fact, a brief and clear statement with regard to each claim listing each

defendant's actions regarding that claim is preferable.  Accordingly, the amended complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff will be provided with thirty days in which to amend.

## CONCLUSION

1. Plaintiff shall file a SECOND AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above.  The second amended complaint must include the caption and civil case number used in this order (C 10-2818 LHK (PR)) and the words SECOND AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the prior complaint by reference.  **Failure to file a second amended complaint within thirty days and in accordance with this order will result in dismissal of this action and a finding that further leave to amend would be futile.  The Clerk shall send plaintiff a blank civil rights form along with his copy of this order.**

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

3. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 11/6/13

*Lucy H. Koh*
LUCY H. KOH
United States District Judge