1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEENAN G. WILKINS, | ) | No. C 10-2818 LHK (PR) |
| Plaintiff, | ) ) | ORDER ADDRESSING PENDING MOTIONS |
| v. | ) ) | |
| GREG AHERN, Sheriff, Alameda County, et al.,, | ) ) ) | (Docket Nos. 32, 33, 38) |
| Defendants. | ) ) ) | |

Plaintiff, proceeding *pro se*, filed an amended complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated when, *inter alia*, as a result of competency proceedings in Alameda County, he was involuntarily committed to a mental hospital.  (Docket No. 12.)  Plaintiff has several pending motions which the court will address below.

I.      Staying Action Based on *Wallace v. Kato*, 549 U.S. 349 (2007)

On April 25, 2011, the court stayed the action pending resolution of the pending criminal charges against plaintiff in Alameda County because it appeared that plaintiff's civil claims would, if successful, impugn an anticipated future conviction.  *See Wallace*, 549 U.S. at 393. Plaintiff was instructed to request that the stay be lifted within thirty days of disposition of the criminal charges against him.  (Docket No. 14.)  On January 14, 2013, plaintiff filed a motion stating that he was convicted and sentenced on December 26, 2012, and requested an extension

1    of ninety days to complete his transfer to state prison.  (Docket No. 20.)  Plaintiff stated that he
2    would notify the court when his transfer was complete.  Plaintiff also filed a motion for
3    appointment of counsel.  (Docket No. 24.)  The court denied plaintiff's motions and instructed
4    plaintiff to file a request to lift the stay upon the complete resolution of his criminal case, which
5    would include the conclusion of any appeal taken after conviction.  (*Id.*)  On July 3, 2013,
6    plaintiff asked the court to reconsider the "indefinite unnecessary stay imposed" because his
7    2011 criminal prosecution in Alameda County was no longer pending.  (Docket No. 27.)
8    Plaintiff further asserted that, "once convicted, plaintiff sought to lift the stay as ordered in
9    January 2013."  (*Id.*)  Based on plaintiff's assertions, on August 7, 2013, the court lifted the stay
10   and re-opened this action.  To the court's surprise, on November 25, 2013, plaintiff filed a
11   request for correction.  (Docket No. 36.)  In plaintiff's pleading, he asserts that he never
12   requested the stay to be lifted and now claims that in lifting the stay, in addition to denying
13   counsel, the court has purposely made plaintiff's situation worse.

14          Aside from plaintiff's own statements, the court has no other evidence to determine the
15   resolution of plaintiff's criminal proceeding, from which plaintiff's federal claims appeared to
16   have arisen.  Based on apparent plaintiff's dissatisfaction with the court's imposition of the
17   "indefinite" stay, plaintiff's statement that his criminal prosecution was no longer pending, and
18   plaintiff's assertion that he tried to have the court lift the stay, the court deduced that plaintiff
19   wished the stay to be lifted, and ordered the stay to be lifted.  Later in the proceeding, should it
20   be discovered that *Wallace* still requires this court to stay the proceedings, the court will do so.
21   However, at this time, based on plaintiff's statements in July 2013 (docket no. 27), the action
22   will proceed.

23   II.    Motion for Disqualification

24          Plaintiff again asserts that the court disqualify itself because of an alleged conspiracy to
25   deny plaintiff due process in a different case, *Wilkins v. County of Alameda*, 11-2704 LHK.
26   Plaintiff further claims that the undersigned has engaged in a conspiracy to deny him due process
27   and exhibits inherent prejudice and bias against him.  Plaintiff's accusations are wholly baseless
28   and conclusory.  He has not demonstrated that a "reasonable person with knowledge of all the

1   facts would conclude that the judge's impartiality might reasonably be questioned." *United*

2   *States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012).  Accordingly, plaintiff's motion is

3   DENIED.

4   III.    <u>Motion for Reconsideration of the Motion for Appointment of Counsel</u>

5         Plaintiff again requests the reconsideration of his motion for appointment of counsel.

6   First, he alleges that the officials at the Martinez jail are making it difficult for him to access the

7   courts.  (Docket No. 33.)  Plaintiff further claims that the jail has no law library, nor does

8   plaintiff have any legal assistance available to him.  However, the court notes that, as of the date

9   of this order, plaintiff has been transferred to San Quentin State Prison, and thus, the difficulties

10   plaintiff faced at the Martinez jail appear to be irrelevant.  Plaintiff's recent motion, however,

11   claims that at the San Quentin State Prison, plaintiff was unable to visit the law library in over

12   one month even after making four separate requests.

13         The decision to request counsel to represent an indigent litigant under § 1915 is within

14   "the sound discretion of the trial court and is granted only in exceptional circumstances."

15   *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of the "exceptional

16   circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the

17   plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims

18   pro se in light of the complexity of the legal issues involved.  *See Agyeman v. Corrections Corp.*

19   *of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

20         While plaintiff asserts that his federal claim regarding a four-month delay in transporting

21   him from the county jail to the state hospital after being found incompetent shows a "likelihood

22   of success," the court disagrees.  Plaintiff's claim most certainly demonstrates a *cognizable*

23   claim for relief.  However, without further factual support, plaintiff does not show a *likelihood* of

24   success.  Moreover, plaintiff's restated claims for relief, with citations to appropriate and

25   relevant caselaw, belie plaintiff's intimation that he is unable to articulate his claims as a *pro se*

26   litigant.  Accordingly, plaintiff's motion for reconsideration of his motion for appointment of

27

28

1   counsel is DENIED without prejudice.[1]  (Docket No. 33.)

2   IV.    Motion for Clarification and Request for Extension of Time

3          Plaintiff asserts that he does not understand the court's November 7, 2013, order

4   dismissing the amended complaint with leave to amend.  Plaintiff requests that the court identify

5   what claims are cognizable and which defendants are properly joined.  (Docket No. 38.)  As an

6   initial matter, the court stresses that it is not required, nor is it often advisable, to give legal

7   advice to litigants.

8          Nonetheless, the court will summarize for plaintiff the court's rulings regarding

9   plaintiff's amended complaint.  In its November 7, 2013 order, the court dismissed the entire

10  amended complaint with leave to amend.  Contrary to plaintiff's intimation, the court did not

11  make mention of any defendants being misjoined.  Specifically, the court dismissed plaintiff's

12  claims of equal protection and conspiracy as conclusory.  The court also dismissed plaintiff's

13  claim of ineffective assistance of counsel because such a claim is not cognizable in a federal civil

14  rights action unless plaintiff can show that he has successfully overturned the conviction in

15  which he alleges he received ineffective assistance of counsel.  The remaining claims were

16  plaintiff's claims of: (1) false imprisonment from March 6, 2007, through March 12, 2007, when

17  plaintiff was detained post-arrest and was not timely brought before a Superior Court judge, and

18  (2) due process violations concerning plaintiff's competency hearing and commitment order.

19         As plaintiff's amended complaint reads, it is difficult to ascertain which defendants

20  plaintiff alleges caused which violation(s).  In plaintiff's second amended complaint, plaintiff

21  should take care to make brief and clear statements with regard to each claim or incident and list

22  each defendant's action and how that defendant was personally involved regarding that claim.

23         Plaintiff's request for an extension of time is GRANTED.  Plaintiff's second amended

24  complaint shall be due **no later than twenty-eight days** from the filing date of this order.

25  Plaintiff's request that the court order jail officials to return plaintiff's legal documents to him is

26  DENIED without prejudice.  No defendant has currently been served in this action, and the court

27

28         [1] Plaintiff's motion for an interlocutory appeal should his motion for appointment of
    counsel be denied is DENIED.  (Docket No. 37.)

1   has no power to direct any non-party to comply with its orders at this time.

2          IT IS SO ORDERED.

3   DATED: _____1/9/14_____          _____

4                                    LUCY H. KOH
                                     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28