1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

| KEENAN G. WILKINS, | ) | No. C 10-2818 LHK (PR) |
|---|---|---|
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE; |
| | ) | DIRECTING DEFENDANTS |
| v. | ) | TO FILE DISPOSITIVE |
| | ) | MOTION OR NOTICE |
| | ) | REGARDING SUCH |
| STEPHEN MAYBERG, et al., | ) | MOTION; ADDRESSING |
| | ) | PENDING MOTIONS |
| Defendants. | ) | |
| | ) | (Docket Nos. 45, 46, 52.) |

17

          Plaintiff, currently housed at California State Prison - Sacramento, and proceeding *pro

se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  On January 11, 2011, the court

dismissed this action with leave to amend, advising plaintiff that there were several deficiencies

with his complaint that required plaintiff to file an amended complaint.  On March 17, 2011,

plaintiff filed an amended complaint.  On April 25, 2011, the court stayed the action pursuant to

*Wallace v. Kato*, 549 U.S. 384, 393 (2007).  On August 7, 2013, the court granted plaintiff's

motion to lift the stay and re-opened the action.  On March 31, 2014, plaintiff filed a second

amended complaint, as directed by the court.  For the reasons stated below, the court serves the

second amended complaint on named defendants.

///

///

28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion; Addressing
Pending Motions
P:\PRO-SE\LHK\CR.10\Wilkins818srv.wpd

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

§ 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

*Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1)

that a right secured by the Constitution or laws of the United States was violated, and (2) that the

alleged violation was committed by a person acting under the color of state law.  *See West v.*

*Atkins*, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Plaintiff is seeking injunctive and declaratory relief, as well as damages.  He alleges that

in July 2007, the trial court ordered plaintiff to be transported from jail to a state mental hospital

for a competency examination pending trial.  The trial court ordered a written competency report

to be completed within 90 days, and directed the Alameda County Sheriff's Office to transport

plaintiff to Napa State Hospital within two weeks.  The prosecution requested that the trial court

issue an order for involuntary medication, and the trial court denied that request.  In September

2007, plaintiff was still housed at the jail and had yet not been transported to Napa State

Hospital.  In fact, plaintiff was not transported to Napa State Hospital until November 2007, and

no competency report was issued until March 2008.  The trial court stated that the reason for the

delay in transport was because Napa State Hospital refused to receive criminal defendants for

competency restoration without an order for involuntary medication.

Liberally construed, plaintiff alleges a violation of substantive and procedural due

process, *see Oregon Advocacy Center v. Mink*, 322 F.3d 1101 (9th Cir. 2003), conspiracy to

1 violate due process, and a violation of plaintiff's right to equal protection.  These claims are filed
2 against Stephen W. Mayberg, Director of the California Department of Mental Health; Dave
3 Graziani, Executive Director of Napa State Hospital; Sheriff Gregory J. Ahern of the Alameda
4 Sheriff's Office; the County of Alameda; the Alameda County Public Defenders' Office; and
5 Deputy Public Defender James Mann.

6 To the extent plaintiff raises challenges of ineffective assistance against Deputy Public
7 Defender James Mann, those claims are DISMISSED without prejudice to plaintiff's re-filing
8 them in a federal habeas petition.

9 Plaintiff's claim against Deputy Public Defender Judy Brown is DISMISSED.  Plaintiff
10 merely states that Deputy Public Defender Judy Brown failed to "take any action on the judge's
11 orders of July 2007 to file an order to show cause if plaintiff was not transported to state hospital
12 in two weeks."  This does not state a constitutional claim for relief.  If plaintiff is alleging that
13 Deputy Public Defender Judy Brown rendered ineffective assistance of counsel, he may raise
14 that claim in a federal habeas petition.

15 Plaintiff also states that he is raising a claim of false imprisonment.  However, false
16 imprisonment is not a federal claim, and plaintiff fails to support this allegation with any facts.
17 Further, plaintiff does not state a sufficient connection between this allegation and any
18 potentially liable defendant.  Accordingly, plaintiff's claim of false imprisonment is
19 DISMISSED.

20 Because plaintiff has already had two opportunities to amend his complaint, and the court
21 previously advised plaintiff to state a sufficient connection between each defendant and each
22 alleged violation, the claim against Deputy Public Defender Judy Brown and the false
23 imprisonment claim are dismissed without leave to amend.

24 C.   Pending motions

25 Plaintiff's motion for permission to use "Doe" defendants is DENIED as moot.  (Docket
26 No. 46.)  Plaintiff's second amended complaint did not name any "Doe" defendants.  Should
27 plaintiff discover the names of any unknown defendants at a later date, the court will consider a

28

1    motion to amend the second amended complaint.

2         Plaintiff's request for an extension of time is DENIED.  (Docket No. 52.)  Currently,

3    there is no deadline pending for plaintiff.

4         Plaintiff's request for correction, request for reconsideration, and request for copies is

5    DENIED.  (Docket No. 45.)  Plaintiff requested reconsideration of the court's January 9, 2014,

6    order directing plaintiff to file a second amended complaint within twenty-eight days.  While

7    plaintiff's motion was pending, plaintiff filed his second amended complaint on March 31, 2014,

8    which the court reviewed and accepted.  Thus, plaintiff's request for reconsideration is DENIED

9    as moot.  Plaintiff's request for correction takes issue with the court's August 7, 2013,

10   determination that plaintiff wished for the court to lift the stay imposed in April 2011.  The court

11   has already addressed plaintiff's arguments regarding the lifting of the stay in its January 9, 2014

12   order and plaintiff has not provided any further information that would alter the court's earlier

13   decision.  Thus, the request for correction is DENIED.  Finally, plaintiff requests copies of the

14   pleadings filed thus far in this action.  That request is DENIED without prejudice to plaintiff's

15   submission of the court's "request for photocopies" form, and agreement to pay $ 0.50 per page.

16                                    **CONCLUSION**

17        1.    Defendants Stephen W. Mayberg, Dave Graziani, Sheriff Gregory J. Ahern, the

18   County of Alameda, the Alameda Public Defenders' Office, and Deputy Public Defender James

19   Mann are directed to file a dispositive motion **within 90 days** of the filing date of this order.

20        2.    Defendant Deputy Public Defender Judy Brown and the false imprisonment claim

21   are DISMISSED without leave to amend.

22        Plaintiff's ineffective assistance of counsel claims against defendant Deputy Public

23   Defender James Mann are DISMISSED without prejudice to plaintiff's re-filing them in a

24   federal habeas petition.

25        Plaintiff's motion for permission to temporarily use "Does", motion for extension of

26   time, request for correction, request for reconsideration, and request for copies are DENIED.

27   (Docket Nos. 45, 46, 52.)

28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion; Addressing
Pending Motions

1      3.      The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of

2  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second

3  amended complaint and all attachments thereto (docket no. 50), and a copy of this order to

4  **Stephen W. Mayberg, Director of the California Department of Mental Health**; **Dave**

5  **Graziani, Executive Director of Napa State Hospital**; **Sheriff Gregory J. Ahern at the**

6  **County of Alameda Sheriff's Office**; **the County of Alameda**; **the Alameda County Public**

7  **Defenders' Office**; and **Deputy Public Defender James Mann at the Alameda County Public**

8  **Defenders' Office.**

9      The clerk of the court shall also mail a courtesy copy of the second amended complaint

10  and a copy of this order to the California Attorney General's Office and Michael Charles

11  Wenzel, Bertrand Fox & Elliot, The Waterfront Building, 2749 Hyde Street, San Francisco, CA

12  94109.  Additionally, the clerk shall mail a copy of this order to plaintiff.

13      4.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

14  requires them to cooperate in saving unnecessary costs of service of the summons and second

15  amended complaint.  Pursuant to Rule 4, if defendants, after being notified of this action and

16  asked by the court, on behalf of plaintiff, to waive service of the summons, fail to do so, they

17  will be required to bear the cost of such service unless good cause be shown for their failure to

18  sign and return the waiver form.  If service is waived, this action will proceed as if defendants

19  had been served on the date that the waiver is filed and defendants will not be required to serve

20  and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.

21  Defendants are asked to read the statement set forth at the bottom of the waiver form that more

22  completely describes the duties of the parties with regard to waiver of service of the summons.

23  If service is waived after the date provided in the Notice but before defendants have been

24  personally served, the Answer shall be due **sixty (60) days** from the date on which the request

25  for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is

26  later.

27      5.      No later than **ninety (90) days** from the date of this order, defendants shall file a

28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion; Addressing
Pending Motions
P:\PRO-SE\LHK\CR.10\Wilkins818srv.wpd          5

motion for summary judgment or other dispositive motion with respect to the cognizable claims in the second amended complaint.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

6.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

7.      Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

8.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

9.      All communications by the plaintiff with the court must be served on defendants or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

10.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

11.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

1      IT IS SO ORDERED.

2    DATED:    6/23/14                    _Lucy H. Koh_____
                                          LUCY H. KOH
3                                         United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion; Addressing
Pending Motions
P:\PRO-SE\LHK\CR.10\Wilkins818srv.wpd            7